UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
January 6, 2017

In re:

    Argirios Konstantinou,                     Chapter 13 Case
        Debtor.                                 # 16-11332

In re:

    Argirios Konstantinou,                     Adversary Proceeding
    MHOP Restaurant Corp.,                     # 16-1103
    and Saronis, LLC,
        Plaintiffs,
        v.
    Manchester CP,
        Defendant.

| | | |
|---|---|---|
| *Appearances:* | Rebecca Rice, Esq. | Patrick J. Bernal |
| | Cohen & Rice | Witten, Woolmington, |
| | Rutland, VT | Campbell & Bernal |
| | *For the Plaintiffs* | Manchester Center, VT |
| | | *For the Defendant* |

**MEMORANDUM OF DECISION**
**GRANTING THE PLAINTIFFS' MOTION FOR EMERGENCY HEARING,**
**DENYING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING,**
**GRANTING JUDGMENT ON THE PLEADINGS, IN FAVOR OF THE PLAINTIFFS,**
**EXTENDING THE AUTOMATIC STAY TO NON-DEBTOR ENTITIES, AND**
**ENJOINING STATE COURT LAWSUIT FROM PROCEEDING AGAINST NON-DEBTOR ENTITIES**

    On November 22, 2016, Argirios Konstantinou (the "Debtor") and two corporate entities in which he holds an interest, MHOP Restaurant Corp. and Saronis, LLC, filed a complaint to initiate an adversary proceeding against Manchester CP, LLC. The complaint seeks a determination under §§ 105 and 362 of the Bankruptcy Code[1] that the automatic stay applicable to the Debtor also applies to the corporate entities, and a currently pending state court lawsuit, in which the entities are named as co-defendants, may not proceed until the Debtor's bankruptcy case concludes. Manchester CP seeks to dismiss the complaint and continue its state court litigation against the corporate defendants.

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code"), unless otherwise indicated.

The Court held a hearing, on an expedited basis, on December 9, 2016, at which the above-mentioned parties and the Chapter 13 trustee presented extensive legal arguments. The Honorable John W. Valente, the Vermont Superior Court Judge presiding over the state court lawsuit, also participated by telephone. Essentially, it was a joint hearing of the two courts, in the two related cases.

At the conclusion of that hearing, this Court entered a bench ruling (i) granting the Plaintiffs' motion for an expedited hearing, (ii) denying the Defendant's motion to dismiss this adversary proceeding, and (iii) extending the bankruptcy stay to encompass MHOP and Saronis, for purposes of the pending state court lawsuit, pursuant to § 105.  This memorandum of decision is entered to articulate a more detailed rationale for, and to memorialize, that bench ruling.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims addressed by the instant complaint and motions to be core matters under 28 U.S.C. § 157(b)(2)(A), (G) and (O), over which this Court has constitutional authority to enter a final judgment.

## PROCEDURAL HISTORY

The central dispute before the Court began in July 2014, when Manchester CP, LLC ("Manchester CP" or the "Defendant") filed a lawsuit against the Debtor and A & A Restaurant Corp. ("A&A") for breach of lease and seeking damages in excess of $500,000 (doc. # 6, ¶ 23; doc. # 10-1, p. 16).  A&A had signed a lease for use of commercial premises, the Debtor had guaranteed payment and performance of the lease, and Manchester CP, as lessor, declared the lessee to be in default.  In October of 2014, Manchester CP filed an amended complaint to add Saronis, LLC ("Saronis") and MHOP Restaurant Corp. ("MHOP") as additional co-defendants, based upon alter ego and successor liability theories (doc. # 6, Ex. C).

Approximately two years later, in July of 2016, the Debtor filed a petition for bankruptcy relief under chapter 13, and then in September of 2016, A&A filed for chapter 7 bankruptcy relief (case # 16-11407). On November 21, 2016, the Debtor's chapter 13 plan was confirmed (doc. # 22 in case # 16-11332). The confirmed plan requires the Debtor to pay $300 per month over a period of 60 months, pays allowed general unsecured claims a dividend of 4.29%, and pays no dividend to Manchester CP.[2]

On November 22, 2016, the Debtor, MHOP, and Saronis (together, the "Plaintiffs") filed a complaint to initiate the instant adversary proceeding (doc. # 1, the "A.P. Complaint").[3]  In the A.P. Complaint, the Plaintiffs assert the automatic stay should be extended to MHOP and Saronis, and the state

---

[2]  Manchester CP had not filed a proof of claim as of the date of confirmation hearing; it filed a timely proof of claim on December 29, 2016.

[3]  All docket references herein are to the adversary proceeding # 16-1103, unless otherwise indicated.

court lawsuit should be stayed in its entirety, even though neither MHOP nor Saronis has filed for bankruptcy relief. They argue a stay of the state court litigation against MHOP and Saronis is warranted and necessary because continuation of that litigation would have an "immediate, substantial, and adverse effect on [the Debtor's] orderly reorganization" (A.P. Complaint, ¶ 26).

In lieu of an answer, on December 2, 2016, Manchester CP filed a motion to dismiss the A.P. Complaint (doc. # 10, the "Motion to Dismiss"), arguing first, the Complaint fails to state a claim upon which relief can be granted and, second, an extension of the automatic stay to these two non-debtor entities would constitute extraordinary relief which is not supported by either the Bankruptcy Code or controlling case law.[4]

On December 5, 2016, the Plaintiffs filed an objection to the motion to dismiss, asserting that (i) prosecution of the state court lawsuit against the two non-debtor entities would have an immediate and adverse impact on the Debtor's chapter 13 case, (ii) enforcement of any judgment in that suit would be against property of the Debtor's estate and hence prohibited by the automatic stay in the Debtor's case, and (iii) Manchester CP's suit against the non-debtor entities requires a determination of the Debtor's liability and such a determination is essentially an end run around the Bankruptcy Court's claims allowance process in the Debtor's chapter 13 case (doc. # 6, the "Objection"). On that same date, the Debtor also filed a motion for an expedited hearing, arguing this was warranted and necessary because the state court might soon make its own determination on whether the automatic stay applied to MHOP and Saronis (pointing out that briefing would be concluded in the state court the next day) (doc. # 5). On December 7, 2016, the chapter 13 trustee filed a memorandum of law in support of the Plaintiffs' position (doc. # 12).[5]

Since the state court action was proceeding on a somewhat parallel track and the state court had recently reopened the question of whether the automatic stay applied to MHOP and Saronis,[6] this Court and the Superior Court agreed to hold a joint hearing to prevent any potential conflicting determinations on the same issue. Therefore, a joint hearing was convened on December 9th, to address whether the stay

---

[4] The Motion to Dismiss was filed on December 2, 2016 and designated as docket # 25 in the main bankruptcy case (case # 16-11332). However, it appears as docket # 10 with a date of December 6, 2016 in the adversary proceeding (see AP # 16-1103). For purposes of this decision, the Court refers to the Motion using the earlier - and actual - filing date.

[5] At the hearing, the Trustee questioned the jurisdiction of the state court to hear or determine the applicability of the bankruptcy stay to non-debtor parties. This argument was overruled. It is well settled that state courts have concurrent jurisdiction with bankruptcy courts to determine the scope and applicability of the automatic stay. See U.S. v. Colasuonno, 697 F.3d 164 (2d Cir. 2012) (citing In re Baldwin-United Corp. Litig., 765 F.2d 343 (2d Cir. 1985)).

[6] On August 15, 2016, the Vermont Superior Court exercised its inherent powers to stay the entire state court proceeding as to all defendants, including MHOP and Saronis (doc. # 6, Ex. A). Thereafter, upon Manchester CP's motion to reconsider that order, on October 5, 2016, the Superior Court vacated its order and stayed the case only as to the Debtor and A&A and allowed the case to proceed as to MHOP and Saronis (doc. # 6, Ex. B). Ultimately, however, the Superior Court reopened the question as to whether the automatic stay applied to MHOP and Saronis at a hearing held on November 30, 2016, and directed the parties to file briefs on that issue by December 6, 2016.

should be extended to MHOP and Saronis, and to adjudicate the Plaintiffs' motion for expedited relief and the Defendant's motion to dismiss. The hearing was recorded in this Court and the Vermont Superior Court, Bennington Division.

## THE UNDISPUTED FACTS

Based upon the record in the main case and adversary proceeding, and the arguments presented at the December 9th hearing, it is clear there is no dispute as to the following facts, so the Court takes them as true for purposes of this memorandum of decision.

1. Manchester CP does not allege any direct claims against MHOP or Saronis. The only claims Manchester CP seeks to litigate in the state court action are alter ego and successor liability claims against MHOP, and an alter ego claim against Saronis, all of which arise from these entities' relationship to the Debtor (doc. # 6, Ex. C).

2. The Debtor would be a primary witness in the litigation of these claims (doc. # 6, ¶ 24).

3. Manchester CP intended to have the state court determine the amount of the liability on its claim through the state court litigation against MHOP and Saronis (doc. # 14).[7]

4. The Debtor owns a 10% interest in MHOP (the entity currently operating the pertinent restaurant business) and a 50% interest in Saronis (the entity that owns the real estate in which that business operates) (doc. # 6, ¶ 4). The only members of Saronis are the Debtor and his wife; they own their LLC interests as tenants by the entirety (doc. # 6, ¶ 4).

5. The Debtor's sole source of income for funding his chapter 13 plan is from the operations of MHOP and Saronis (doc. # 1, ¶ 23).[8]

## DISCUSSION

### I.   *The Plaintiffs' Motion for Expedited Hearing*

Federal Bankruptcy Rule 9006(c)(1) provides that the court, for cause shown, may reduce the notice period for most types of relief, with or without a motion or notice. It is well settled that bankruptcy courts may, in the exercise of their discretion, reduce, extend, or otherwise amend or alter notice periods. In re Aja, 441 B.R. 173, 179 (B.A.P. 1st Cir. 2011). In order to obtain expedited relief, a movant must show urgency, demonstrate that the need for immediate relief is necessitated by circumstances beyond the movant's control, and show there is not sufficient time to give the notice required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. See VT. LBR 9075-1. In the instant case, the state court had directed the parties to file memos of law on the question of whether the bankruptcy stay applied to MHOP and Saronis by December 6th, and therefore it was not unreasonable for the Plaintiffs to expect a

---

[7] Subsequent to the December 9th hearing, Manchester CP filed a timely proof of claim, in the amount of $535,627.83, on December 29, 2016.
[8] The Debtor specifies that this source is dividend income from MHOP and wages earned by his wife and daughter from their employment at MHOP (doc. # 6, Affidavit). Saronis is the owner of MHOP's business location.

4

final ruling on that question soon thereafter, particularly in light of the imminent February 2nd jury trial draw date. Given the significant impact that ruling would have on the viability of the Debtor's chapter 13 plan, and the Defendant's lack of objection to an expedited hearing, the Court finds there was cause for a hearing, and consideration of the merits of the Complaint, on shortened notice, under Rule 9006(c)(1).

## II.     *The Defendant's Motion to Dismiss the Adversary Proceeding*

Manchester CP argues the instant adversary proceeding should be dismissed on two grounds. First, Manchester CP alleges the Plaintiffs have failed to state a claim upon which relief may be granted under Federal Rule of Bankruptcy Procedure 7012(b) (doc. # 10-1, p. 5). Relying primarily on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), it asserts the Plaintiffs did not plead a "viable legal theory" that could support their request to stay the lawsuit against the two non-debtor entities (doc. # 10-1, p. 5). The Plaintiffs' Objection argues otherwise, and contends the factual allegations in the A.P. Complaint are sufficient to establish a claim upon which relief may be granted – namely, the extension of the automatic stay to MHOP and Saronis and the enjoining of the state court action against them.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Here, the A.P. Complaint (doc. # 1) alleges the following facts: The Plaintiffs' interest in MHOP and Saronis are property of the Debtor's bankruptcy estate. The Debtor's Chapter 13 plan is funded with income from those two entities. Any action against those two entities would "divert his energies from effective reorganization" since the Debtor would be required to devote significant time participating in that action. And, as a result, a continuation of the state court lawsuit would have an immediate, substantial, and adverse effect on the Debtor's orderly reorganization, and constitute an action to obtain possession of property of the estate, in violation of the automatic stay imposed by § 362. Based upon the standards established by the relevant case law (discussed below), the Court finds these allegations sufficient to allow the Court to reasonably infer that a continuation of the state court proceeding against MHOP and Saronis would violate the Debtor's automatic stay and jeopardize his efforts to reorganize. Therefore, the Court sustains the Plaintiffs' Objection and denies the Defendant relief based upon its first Motion to Dismiss argument.

Manchester CP's second argument in support of dismissal is that an extension of the automatic stay to the two non-debtor entities would be extraordinary relief which is not supported by either the

Bankruptcy Code or controlling case law. This argument goes to the merits of the A.P. Complaint and, as is discussed below, it also fails.

### III. Whether the Automatic Stay Extends to MHOP and Saronis and Enjoins the State Lawsuit

It is well established that the automatic stay imposed by § 362 is generally limited to debtors, and does not protect non-debtor parties. See Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986). However, the automatic stay can extend to non-debtor entities in the face of "unusual circumstances." See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). Courts have found such unusual circumstances when a claim against the non-debtor would have an "immediate adverse economic consequence" on the debtor's estate or on the debtor's ability to effectuate a bankruptcy reorganization. See Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003); A.H. Robins, 788 F.2d at 998-99 ("The purpose of [§ 362] is…to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor."). As articulated by the Second Circuit, examples of such claims include claims to establish an obligation of which the debtor is a guarantor, claims against the debtor's insurer, and actions where "'there is an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.'" Queenie, 321 F.3d at 287-88 (quoting A.H. Robins, 788 F.2d at 999). Courts have also extended the stay to a non-debtor if the non-debtor is wholly owned by the debtor, on the basis that any judgment against the non-debtor would necessarily diminish the debtor's bankruptcy estate. See Queenie, 321 F.3d at 287-288; Cocoletzi, No. 15-08696, 2015 WL 4655164, at *5; In re Ladieu, 07-10868, 2011 WL 748566, at *19 (Bankr. D. Vt. Feb. 24, 2011); M.E.S., Inc. v. M.J. Favorito Elec., Inc., No. 08-cv-183, 2010 WL 959604, at *2 (Bankr. E.D.N.Y. 2010).

It is also widely recognized that § 105 grants bankruptcy courts even broader authority than § 362 to expand the scope of the stay to include non-debtors, when the factual circumstances of the case warrant it. See Queenie, 321 F.3d at 288; A.H. Robins, 788 F.2d at 1002. "Even if it should ultimately be determined that the automatic stay under section 362 does not apply to [the] third-party complaint, the Bankruptcy Court has authority under section 105 broader than the automatic stay provisions of section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings." In re Baldwin-United Corp. Litig., 765 F.2d 343, 348 (2d Cir. 1985). See also A. H. Robins, 788 F.2d at 1002 (Section 105 "empowers the bankruptcy court to enjoin parties other than the bankrupt"); Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC, No. 13-4650, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014) ("Section 105 provides bankruptcy courts with discretion to extend the scope of the automatic stay beyond the limits of Section 362(a) where 'necessary or appropriate' to prevent significant interference with the bankruptcy proceeding.").

The Plaintiffs seek to extend the Debtor's bankruptcy stay to MHOP and Saronis, under §105, even though those entities have not sought bankruptcy relief, based on the following assertions: (1) the claims against MHOP and Saronis are derivative claims, and thus, are essentially claims against the Debtor who is protected by the automatic stay (doc. # 6, p. 5), (2) the Debtor's sole source of income to fund his Chapter 13 plan is from MHOP's operations, and consequently, any interruption in that flow of income would disable him from successfully reorganizing, and would meet the Queenie standard for "immediate adverse economic" impact (doc. # 6, pp. 4, 6), and (3) because the Debtor's 10% interest in MHOP and 50% interest in Saronis are property of his bankruptcy estate, a continuation of the state court litigation would constitute an action to obtain possession of, or control over, property of his bankruptcy estate, in violation of § 362(a)(3) (doc. # 1, ¶ 27; doc. # 6, p. 6).

Manchester CP does not dispute the factual allegations underlying the Plaintiffs' arguments. It acknowledges the Debtor's sole source of income to fund his Chapter 13 plan is MHOP's operations (and, by extension, from Saronis, as owner of MHOP's business location), that the Debtor's interests in MHOP and Saronis constitute property of the estate, and that its claims against MHOP and Saronis are derivative, as opposed to direct, liability claims. However, it insists these facts do not justify an extension of the Debtor's stay to enjoin actions against MHOP or Saronis, particularly in light of two relatively recent cases from within this Circuit.

Manchester CP urges this Court to be guided by the rationale of In re McCormick, 381 B.R. 594 (Bankr. S.D.N.Y. Aug. 5, 2015), where a bankruptcy court declined to extend a chapter 13 debtor's stay to his wholly-owned, non-debtor, limited liability company and specifically determined that Queenie was not controlling. However, that ruling hinged, in part, upon the debtor's failure to satisfactorily explain why his LLC could not file its own bankruptcy case (to invoke its own automatic stay) and, in part, upon a very narrow reading of Queenie. The McCormick court read Queenie to allow extensions of the stay to non-debtor entities only if the entities were corporations, and the debtor's case was pending in chapter 11. Here, the Plaintiffs have provided a satisfactory explanation as to why MHOP and Saronis cannot file their own bankruptcy cases: The Debtor's source for funding his Chapter 13 plan depends upon this two entities' continuing operations. Moreover, to the extent Manchester CP relies upon the McCormick court's reading of Queenie, this Court finds that reliance misplaced and declines to limit the Queenie standard to corporations in chapter 11 cases. The better reasoned cases do not limit Queenie in this way, and hold that the question of whether a stay should be extended to non-debtor, related entities is not dictated by the chapter of bankruptcy or form of corporate entity. See M.E.S., Inc., No. 08-cv-183, 2010 WL 95604, at *4 (holding there is "no basis for interpreting § 362(a)(1) differently depending on the form

7

of bankruptcy protection the debtor has applied for, or for limiting Queenie's reach to corporations, as opposed to LLCs.").

Manchester CP also argues that the Debtor's interests in MHOP and Saronis, 10% and 50% respectively, are too insignificant to warrant an extension of the stay to those entities. It reasons:

> Taking Plaintiffs' argument to its logical extreme, would *any* individual's bankruptcy filing stay *any* lawsuit against an entity in which that individual owned *any* equity? For instance, if the undersigned owned shares in Google, and then filed a petition for Chapter 13 reorganization, would that limited ownership interest stay *every* pending lawsuit against Google? The shares would surely qualify as 'property of the estate,' but such a result would be absurd.

Doc. # 10, p. 10. However, Manchester CP again misses the point. Under Queenie, the salient question is whether litigation of claims against the non-debtor entities would have an immediate adverse economic consequence for the debtor's estate or reorganization. Under this line of analysis, the extent of the Debtor's ownership interest in each entity is not determinative. The key consideration here is that the undisputed facts demonstrate the success of the Debtor's Chapter 13 reorganization is entirely dependent upon the continued operations of those two non-debtor entities. For this reason, the Court finds Manchester CP's hypothetical is inapplicable to the facts at bar, and rejects the argument it posits on the basis of that hypothetical.

Additionally, Manchester CP contends this Court should decline to extend the stay to MHOP and Saronis, with respect to its alter ego claims, based upon the rationale set forth in Cocoletzi v. Fat Sal's Pizza Corp. et al., No. 15-02696, 2015 WL 4655164, at *1 (S.D.N.Y. Aug. 5, 2015). In that case, two individuals (Mr. Orly and Mr. Shaar) and two corporations (in which both individuals held an ownership interest) were sued for various wage and hour violations, including allegations that the corporations were operating as the individuals' alter egos. Upon Mr. Orly's filing for bankruptcy, the plaintiffs sought relief from the automatic stay to pursue their state court alter ego claims against the debtor and his non-debtor corporate entities. The District Court denied this relief. It determined "a proceeding that asks whether a debtor has abused the corporate form to the plaintiff's detriment (i.e., the alter ego theory), is a proceeding against the debtor, subject to the automatic stay." Cocoletzi, No. 15-02696, 2015 WL 4655164, at *2. Based upon that determination, it prohibited the plaintiffs from continuing their action against Mr. Orly directly, and denied the request for relief from stay to pursue alter ego claims. Next, the District Court declined to extend the stay **generally** to the non-debtor corporate co-defendants, but explicitly stated the plaintiffs **were** stayed from pursuing any alter ego or derivative liability claims which were dependent upon Mr. Orly's liability:

> Defendants are absolutely correct that Orly would be harmed by an adjudication against the corporate defendants "if and when Plaintiffs succeed in factually proving the alter-ego relationship["]…But because I have stayed the litigation as to Orly

8

himself, plaintiffs will have **no opportunity to 'factually prove the alter-ego relationship'** between Orly and the company unless and until the stay is lifted.

Id. at *3 (emphasis added).  In effect, the court allowed the plaintiffs to continue their alter ego claims against the two non-debtor corporations to the extent they were independent of Mr. Orly but enjoined them from proceeding on any claims which were dependent upon Mr. Orly's liability.  By extending the stay to the non-debtor entities in this circumscribed fashion, the District Court thoroughly preserved all dimensions of the stay granted to the individual defendant who filed for bankruptcy relief, without enjoining the aspects of the state court lawsuit which were dependent upon the liability of a non-debtor obligor (Mr. Shaar).

Similar to the alter ego claim against Mr. Orly in Cocoletzi, in the instant case, Manchester CP's claims against MHOP and Saronis are entirely derivative in nature, and necessarily depend upon the liability of the Debtor.  The thorough and careful reasoning set forth in the Cocoletzi case is helpful in that it addresses similar facts and the very legal issue presented in this dispute; however, it does not support Manchester CP's position.

Addressing its remaining state court claim against MHOP, Manchester CP argues that even if its alter ego claims against MHOP and Saronis are stayed, its successor liability claim against MHOP is different and should not be stayed.  It vigorously contends that state law supports this position, and implores this Court to grant relief based upon the rationale of Gladstone v. Stuart Cinemas, Inc., 878 A.2d 214 (Vt. 2005).  Under that case, the general rule of successor liability in Vermont is that "the liabilities of a predecessor corporation will pass to the successor only when the change is occasioned by statutory merger or consolidation," and one exception to this rule is the "mere continuation" theory, which applies "when the [successor] corporation is merely a continuation or reincarnation of the [predecessor] corporation" and enables the creditor "to recover from the successor corporation [the debts owed to it] whenever the successor is substantially the same as the predecessor."  Gladstone, 878 A.2d at 220-22. The Gladstone court articulated several factors a court must consider in determining whether the mere continuation theory applies: (1) whether there was continuity of ownership and management, (2) whether only the successor corporation has survived, (3) whether any assets transferred to the successor corporation were transferred without adequate consideration, (4) whether the successor business is the same business as the previous one, (5) whether the sole shareholder of the predecessor corporation transferred all the corporate property from the former to the latter without paying all of the corporation's debts, and (6) any other factual considerations that were salient to the question of whether there was a continuation of the corporate entity of the predecessor.  Id. at 222-24.

9

Consistent with the Court's bench ruling, and after a review of Gladstone and other relevant case law, the Court finds the successor liability claim should not be treated any differently than the alter ego claims because both are derivative actions against bankruptcy debtors.  In order for Manchester CP to prevail in state court with its successor liability claim against MHOP, it must persuade the state court to rule against A&A *and* its president, Mr. Konstantinou, and any such suit or ruling against the Debtor is prohibited by § 362. For this reason, this Court rejects Manchester CP's argument that its successor liability claim requires different treatment, and finds that the Debtor's stay also extends to the successor liability claim against MHOP.

Lastly, Manchester CP turns to an equitable argument, contending it should be entitled to pursue its claim in state court because of the significant sum at stake and the progress made in the state court suit over the past two years, despite multiple delays.  Although this Court is sympathetic to the obvious negative impact an extension of the stay (and thus an enjoining of the state court litigation), would have on Manchester CP, in weighing the equities presented, the scales tip decidedly in favor of the Debtor. "The general policy behind [the automatic stay] provision is to grant complete, immediate, albeit temporary relief to the debtor from creditors…and is intended to allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." S.E.C. v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000).  Not extending the stay would permanently destroy all chances of the Debtor's successful reorganization, whereas extending the stay would only temporarily enjoin Manchester CP's collection efforts, deferring its action for no more than 5 years.[9]

Based upon the undisputed facts of this case, and the pertinent case law, the Court finds a continuation of the state court litigation against MHOP and Saronis would have an immediate adverse economic impact on the Debtor's reorganization efforts and his bankruptcy estate, and that the Queenie standard for extending the stay has been met in this case.

### IV.    *The Plaintiffs are Entitled to Judgment on the Pleadings*

Pursuant to Federal Rule of Civil Procedure 12(c), which is incorporated into Bankruptcy Rule 7012, a judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law. Burns Int'l Sec. Servs., Inc. v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995). Manchester CP has failed to establish that any material facts are in dispute, and the pleadings establish the Plaintiffs are entitled to an extension of the stay to MHOP and Saronis to enjoin the pending state court suit which seeks relief based solely upon derivative liability relating back to the Debtor.  Additionally,

---

[9] It is important to point out that this decision determines only that the stay extends to the subject state court litigation against MHOP and Saronis. It does not preclude Manchester CP from filing a motion for relief from that stay, pursuant to § 362(d). That is a distinct issue, with different criteria for relief, which is not before the Court at this time.

10

Manchester CP has failed to present any persuasive legal argument, under either the Bankruptcy Code or pertinent case law, which would defeat the Plaintiffs' right to the relief they seek in the A.P. Complaint.

Therefore, the Plaintiffs are entitled to judgment in their favor on an application for an injunction of the state court lawsuit against MHOP and Saronis.

V. *The Plaintiffs' Request for a Temporary Restraining Order*

The A.P. Complaint is captioned as an "Application for Temporary Restraining Order, Preliminary Injunction and Complaint of Argirios Konstantinou, MHOP Restaurant Corp. and Saronis, LLC for Relief under Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065." Since the Court has found the record before it to be sufficient to rule on the merits of the Plaintiffs' ultimate prayer for relief in the A.P. Complaint, i.e., an extension of the stay, and has found cause to grant an injunction of the state lawsuit, the Plaintiffs' request for a temporary restraining order is moot.

### CONCLUSION

For the reasons set forth above, the Court grants the Plaintiffs' Motion for expedited relief, sustains the Plaintiffs' Objection to Defendant's Motion to Dismiss, denies the Defendant's Motion to Dismiss this adversary proceeding, and grants the Plaintiffs' request for an extension of the stay against MHOP and Saronis. The Court determines the automatic stay applicable to the Debtor protects both MHOP and Saronis in the state court action and enjoins Manchester CP from proceeding with its alter ego and successor liability claims, until either the bankruptcy stay in favor of the Debtor terminates by operation of law, or Manchester CP obtains an order of this Court granting it relief from stay to proceed with its lawsuit. In light of these determinations, the Court declares the Plaintiffs' request for a temporary restraining order to be moot.

This constitutes the Court's findings of fact and conclusions of law.

January 6, 2017  Colleen A. Brown
Burlington, Vermont  United States Bankruptcy Judge